UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ROY R. SEN AND MARIA D. ROSARIO SEN, | |
| Plaintiffs, | Civ. No. S-09-2377 FCD/KJM |
| v. | MEMORANDUM AND ORDER |
| AURORA LOAN SERVICES, BROOKSAMERICA MORTGAGE CORPORATION, QUALITY LOAN SERVICE CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., PRIORITY ONE HOME LOANS, INC., ERNEST R. CAGLE, ROY HENRY, and DOES 1-20 inclusive, | |
| Defendants. | |

----oo0oo----

This matter is before the court on the motions of defendants Aurora Loan Services and Mortgage Electronic Registration Systems to dismiss plaintiffs Roy R. Sen and Maria D. Rosario Sen's ("plaintiffs") first amended complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). On February 11, 2010, plaintiffs filed a statement of non-opposition, requesting that

1

their claims for violations of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA") be dismissed without prejudice. (Docket # 22.) Accordingly, plaintiffs' TILA and RESPA claims are dismissed. <u>See, e.g.</u> Fed. R. Civ. Pro. 41(a); <u>Swedberg v. Marotzke</u>, 339 F.3d 1139 (9th Cir. 2003) (defendant's filing of a motion to dismiss, pursuant to FRCP 12(b), does not prevent the plaintiff from later filing a voluntary dismissal).

Dismissal of the TILA and RESPA claims leaves the complaint devoid of any federal claims. The remaining claims are state law claims for negligence, violation of the California Rosenthal Act, breach of fiduciary duty, fraud, violation of California Business and Professions Code §§ 17200 *et seq.*, breach of contract, breach of the implied covenant of good faith and fair dealing, and wrongful foreclosure. (Pl.s' First Am. Compl. ("Compl.").)

Subject to the conditions set forth in 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over state law claims. <u>See</u> <u>Acri v. Varian Associates, Inc.</u>, 114 F.3d 999, 1000 (9th Cir. 1997)(en banc). The court's decision whether to exercise supplemental jurisdiction should be informed by values of "economy, convenience, fairness, and comity." <u>Id</u>. at 1001 (citations omitted). Further, primary responsibility for developing and applying state law rests with the state courts. Therefore, when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction. <u>See</u> <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 (1988); <u>Gini v. Las Vegas Metropolitan Police Dept.</u>, 40 F.3d 1041, 1046 (9th Cir. 1994) ("[I]n the usual case in which

federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.")(quoting Schneider v. TRW Inc., 938 F.2d 986, 993 (9th Cir. 1991)).  In accordance with 28 U.S.C. § 1367(c), the court declines to exercise supplemental jurisdiction over plaintiffs' remaining state law claims.

Accordingly, plaintiffs' complaint is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: February 19, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE